IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RFR INDUSTRIES, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 3:04-CV-2300-K |
| | § | |
| | § | |
| **CENTURY STEPS, INC.,** | § | |
| **d/b/a CENTURY PRECAST** | § | |
| | § | |
| Third-Party Defendant | § | |

## MEMORANDUM OPINION and ORDER

Came on for Consideration, RFR Industries, Inc.'s ("RFR") Motion to Dismiss without prejudice and Century Steps, Inc.'s ("Century") Motion for Judgment on the Pleadings. The Court deems that Century's answer was filed when served on RFR by fax, therefore RFR cannot dismiss this case without prejudice absent order from the Court. *See* Fed. R. Civ. P. 41(a). Therefore, RFR's Motion to Dismiss is **DENIED.** Because RFR exhausted its patent rights in the filler when it sold the filler to Century, Century's Motion for Judgment on the Pleadings is **GRANTED**.

## I.    Legal Standard

The court may dismiss a complaint by rendering a "judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for deciding motions under Rule 12(c) is the same as the standard for deciding motions under Rule 12(b)(6). *Great Plains Trust Co. v.*

*Morgan Stanley Dean Witter,* 313 F.3d 305, at 313 n.8 (citing 5A Wright & Miller, Federal Practice and Procedure 1368 at 59) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.").  A motion under Rule 12(c) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, the plaintiff "must plead specific facts, not mere conclusory allegations."  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

RFR objects to the consideration of the parties' 2000 Settlement Agreement (RFR filed a patent infringement suit against Century in 1998 and the parties settled the case in 2000 pursuant to the "Settlement Agreement") because the Settlement Agreement was not attached to the Complaint and Federal Rule of Civil Procedure 12(c) states that

if, "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment." RFR asks the Court to convert Century's Motion for Judgment on the Pleadings to a Motion for summary judgment for improperly referring to matters outside of the pleadings. The Court will not convert Century's motion to one for summary judgment because RFR refers to the Settlement Agreement in its complaint and the Settlement Agreement is central to RFR's claim because the Agreement requires Century to purchase flangeway filler from RFR. *See Collins v. Morgan Witter Dean Stanley*, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting approval of the practice in various circuits whereby documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim).

## II.    Analysis

The unrestricted sale of a patented product exhausts the patentee's patent rights in that product. *Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1105 (Fed. Cir. 2001); *Intel Corp. v. ULSI Sys. Tech. Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("the patent owner's rights with respect to the product end with its sale, and a purchaser of such a product may use or resell the product free of the patent.").

The parties' settlement agreement required Century to purchase flangeway filler

from RFR.  The restrictions on Century's further use and sale of the filler related to 1) the price at which Century could resell the filler without paying a royalty to RFR, 2) sales of filler to Union Pacific Railroad or its suppliers, and 3) sales to persons other than end users or end users' contractors.  *See* Settlement Agreement at Section 7.2.  Century did not violate any of these conditions and there were not any other restrictions on  Century. Therefore, RFR's patent rights in the flangeway filler were exhausted upon the sale.

RFR argues that Century's patent exhaustion defense does not apply in this case because it requires payment or compensation to the patentee and Century did not pay RFR for the flangeway filler in question.  A "sale" of a patented product exhausts a patentee's rights in that product, not payment.  A sale occurred in this case when RFR offered the flangeway filler for sale, Century accepted the filler and RFR received its right to the purchase price for the filler. The fact that Century has not yet paid is irrelevant.

RFR further argues that patent exhaustion does not apply to method patents. However, because RFR sold the filler to Century without any restrictions that apply in this case, there is an implied license that Century's customers have every right to use the filler for its intended purpose. *See U. S. v. Univis Lens Co.*, 316 U.S. 241, 249-51 (1942). The terms of the sale and of the settlement agreement indicate that the parties understood that Century would resell the filler to customers who would use - *i.e.,* install - the filler.  This implied license to use the filler means that Century's customers were free

to install the filler without interference by RFR.  Thus, RFR's sales to Century exhausted RFR's right in RFR's method and apparatus patents, and there can be no patent infringement liability for the use of the filler RFR sold to Century.

## IV.    Conclusion

Therefore, because RFR exhausted its patent rights in the filler when it sold the filler to Century, Century's Motion to Dismiss is **GRANTED** and RFR's claim is dismissed with prejudice.

**SO ORDERED.**

Signed August 9th, 2005.

/s/_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE